## BIDDLE et al. *v.* STARR.

Where an act of Assembly declares that the court shall, if the parties are entitled to demand partition, direct notice of the writ to be given; the court are not to decide whether the parties have title before they direct the mode of service.

The allegation that the demandant and defendants, together and undivided, do hold, is the proper averment of a tenancy in common.

Where there were several tenants in common, and one died leaving a will which was contested by his heirs, an act of Assembly authorizing partition to be made,

and directing all persons and corporations claiming under him, whether as heirs or devisees, to be made parties, and their purparts to be set out and conveyed to trustees for such of them as may be entitled, or the proceeds, if sold, paid to such trustee giving security—is constitutional, and the adverse claimants under the deceased co-tenant are properly joined in the proceedings.

A sheriff's return of a writ ordered to be served by publication in certain newspapers, is sufficient, if it state a publication made "pursuant to the order of the court."

In error from the Common Pleas of Schuylkill.

*Jan* 4.    Churchill Houston, by his will, directed his executors to pay an annuity to his widow for life, and gave legacies to several persons and to his executors in trust for others and for certain charitable associations and corporations, and the residue of his estate to his several legatees in the proportion of their respective legacies.

By an act of Assembly, the persons, or any one of them, who held an undivided interest in lands in Schuylkill county, which were held in common with said Churchill, were authorized to issue a writ of partition, in the usual form, for such lands; "and the said court *shall, if the said parties are entitled by law to claim and demand a partition thereof*," order notice to be given to his executors, and publication to be made; which service should be considered as full, as to both heirs-at-law and devisees, as if the writ was served personally on each of them.

Upon proof of such service on the executors, and publication, the court was authorized to make partition; and all parties claiming under said Churchill, whether as heirs or devisees, might appear, and all orders, &c., were to be as obligatory on them as fully as if living and made parties thereto. That the share whereof said Churchill died seised, or the proceeds, if directed to be sold, should be conveyed in severalty or paid to a trustee to be appointed, giving security to be held for the use of persons entitled thereto. That the partition should vest in the parties and the trustee their several interests and that of said Churchill, whether the heirs or devisees of said Churchill should be determined to be entitled thereto, and a sale should pass his interest.    That the executors, heirs, and devisees of said Churchill who might become parties, should be taken to represent his interest; and neither they nor any other person should object that they claim his purpart adversely to each other.

A writ of partition was then issued by Starr against Biddle et al., and against divers parties and corporations claiming under Churchill Houston as heirs or devisees, and his executors, with

notice to every person claiming under him, for a certain tract of land whereof and whereas they the said Starr and the said defendants together and undivided do hold. An order for publication on such parties, and for personal service on the executors, was then made by the court. The sheriff returned personal service and affidavit of publication, pursuant to the order. The *narr.* alleged that the plaintiff and defendants held together and undivided all that, &c.; and having set forth the proportional parts of all the other parties, averred that the following named persons and institutions claiming under Churchill Houston, deceased, whether as heirs or devisees, viz.: naming the executors, devisees, and heirs, the one-tenth, &c., hold, &c.

The record then recited that the court, having examined the title, as well of the demandant as of the tenant, gave judgment *quod partitio fiat,* according to the *narr.*

Whereupon this writ was sued out, and errors assigned.

*Mallery,* for plaintiffs in error.—1. The court should, under the act, have decided whether the parties were entitled, before directing publication, &c. All parties to a partition must hold together, not adversely, which the heirs and devisees do. Hence, one or the other was improperly joined. The widow was joined, which is erroneous: 7 W. 205. The service is not set out by the sheriff; but that he made publication pursuant to the order. The act of Assembly is invalid—it takes the property from both parties, claiming under Houston, and vests it in trustees, not at their request, but at the request of a mere stranger. The title of the parties, whether as joint tenants or in common, is not alleged.

*Williams,* with whom was *Parry,* contrâ.—The court cannot decide who are proper parties, until the writ is returned, and an opportunity given to be heard. The same form of expression is used in this respect as in the general acts relating to partition: after the return the court decide on this matter. The tenancy is alleged: " together and undivided do hold," are the words in all the precedents of partition between tenants in common: 2 Sel. Cromp. Prac. 217; Alnat. 68; 3 Chit. Pl. 1391; 10 Went. 151. For it is supposed that parties hold in common, unless the contrary is alleged: Cro. Eliz. 64

The object of the act is to obviate the objection made of the adverse claims under Houston, and with perfect fairness to them— the share is set apart, and they may determine their rights. It is

a mere question of remedy : 2 W. 433 ; 7 W. 301 ; 2 W. & S. 277–8. That the act conveys the title trustees is no objection : 2 Barr, 277. The return is complete, incorporating the order by the reference. The widow is joined as a legatee, not as widow.

*Jan.* 15.   ROGERS, J.—In consequence of the death of Churchill Houston, one of the tenants in common, and the difficulties caused by a controversy among ·his heirs and devisees, application was made for the passage of a law for the partition of the estate held in common.   The application resulted in the act of the 13th March, 1847, entitled "An act to authorize the partition of certain real estate of Isaac Starr and others."   It is admitted that, according to the course of the common law, the proceedings are .altogether irregular ; but it is contended they are in strict conformity to the act above cited.   As many as nine errors have been assigned, which will be considered in their order.   It is contended, first, that the court erred in not deciding before directing the service of notice, that the parties were entitled by law to claim and demand a partition or division of the land mentioned in; the writ.   I, however, see nothing in the act which alters, in this particular, the general rules and practice of the courts.   The first section provides that the court shall, if the parties are by law entitled to claim and demand a partition or division, order and direct service of notice of said writ, and all other writs, rules, and orders, on the executors of C. Houston, &c.   The legislature surely did not intend the court should decide on the title before the parties were summoned, and had an opportunity of being heard, for by such a procedure the defendants would be precluded  by pleading *non tenent insimul,* or from setting out any other defence.   The act of 1807, Purd. 909, authorizes the Court of Common Pleas to issue writs of partition in all cases where lands are held in joint-tenancy, coparcenary, and in common ; and the act of 1821, Ib. 911, prescribes that when a writ of partition hath been or may be issued by any of the courts of this commonwealth having jurisdiction thereof, at the suit of one joint tenant, co-partner, or tenant in common, and the court shall proceed to examine the title, &c.   A literal reading of these acts would lead to the conclusion that the court must, in the first place, examine the title or ascertain their jurisdiction ; but this course has never been pursued, for the simple reason it would be unjust, for the reason stated.   This practice is in strict conformity to all the precedents and the practice, for in no case do the court undertake to determine the title or the jurisdiction before the

writs and notices are issued. In this case, the court decided on the title of the demandant and the defendants at the appropriate time.

*Second error.*—That it appears from the record, that all the defendants are not either tenants in common, joint tenants, or co-parceners with the plaintiff, and are not properly made parties. It is stated in the *præcipe* that Isaac Starr (the plaintiff), and the said defendants, together and undivided do hold, &c.; and this, as appears by 2 Sel. Pr. 217, 3 Chitty Pl. 1391, and 10 Went. 151, is the appropriate form. The act of 13th March, 1847, under which the proceeding is had, uses the words "seised of an *undivided interest*," which technically means only tenancy in common. If this was the only objection, the answer would be conclusive. But this is not the exception, as I understand it; but the objection is that there are persons joined in the writ who are neither the one nor the other, and therefore, as the plaintiffs in error contend, they are improperly made parties. If this were a proceeding at common law, the objection would be decisive, for this is undoubtedly the state of the record as presented, but it must be remembered this is a proceeding under the act, and in strict conformity to it, and becomes necessary in consequence of the peculiar situation of the estate of Houston, one of the tenants in common; and the same answer applies to the third and fourth errors, which are, that if the title of the devisees is good, the heirs have no interest, and cannot be parties, and that the judgment of partition, and setting out the tenth part of the premises to the persons and institutions named, claiming under Churchill Houston, deceased, either as heirs or devisees, is uncertain, and that the judgment in the alternative is void for the same reason. All these objections, as before observed, would be fatal but for the curative effect of the act. The parties, it is true, who are entitled to this purpart are uncertain, as that depends on the decision on the will of C. Houston; but the share to which one or other is entitled is perfectly certain. One of the objects of the act was to obviate these difficulties, and the legislature has been very careful to guard the rights of all, by providing that every person coming within the description of heirs or devisees, viz: every person who may be eventually found to have an interest in his share, shall be made parties. Thus the act provides that notice shall be given, and the second section that the notice shall include both the heirs and devisees. The third section directs that C. Houston's purpart shall be held in severalty, in trust for the persons entitled. And this became necessary, because they claim adversely to each

other, and the estate could not be parted between them, nor could their respective rights be settled. If either heirs or devisees were clearly entitled, there would be no obstacle in the way, and an act would not have been required. The fourth section provides that the interest of C. Houston should be set out, and remain firm and stable, whether heirs or devisees may be entitled, and the parties shall not object that they claim adversely to each other. This seems to have been the object of the act; and to remove the difficulties interposed by the peculiar state of things, the act was passed.

But it is said the legislature could not authorize a partition among persons having no interest, nor in the alternative; because partition under the act would destroy the will of Churchill Houston, by the appointment of a new trustee; that if the heir is entitled, it puts the property in trust without his consent, and divests him of his rights. In order to determine this exception, it is necessary to advert to what the act does provide. The act provides that the parties interested in common with Houston, may issue a writ of partition; it directs that notice be published once a week for six weeks in two newspapers; that on the proof of the service of such notice on the executors, and the publication thereof, the court shall proceed to make partition, and all persons claiming either as heirs or devisees may become parties; that the share of Houston shall be conveyed to a trustee, or that the money be paid to him if the property be sold, on proper security being given; that the partition shall remain firm and stable; and that the sale, if any be made, shall vest a good title in the purchaser; and that no objection shall be made on the ground that parties claim adversely to each other.

It will be noted that the act became necessary on account of the death of Houston, and the dispute in relation to his will. The legislature gave the remedy as an act of justice, to relieve the other parties from a difficulty for which they were not at all responsible. Had then the legislature power to pass the act in question? and on this point we entertain no doubt. When a right exists without an adequate remedy, the legislature may provide one: Turnpike v. Comth. 2 W. 433. This indispensable and salutary power must reside somewhere, and nowhere can it be intrusted with more safety than with the legislature; and when wisely and prudently exercised, it produces great benefit to the people. It moreover has been exercised so often, that to *doubt* the power at this time would occasion incalculable mischief, as it would infallibly cause doubts to be entertained of titles held under and according to such special legislation. This was a case, which, from the accidents of

death, and the conflict of titles among the different claimants, for and against the will, required legislative interference. It was but an act of justice to other tenants in common, who were not in default, and whose interest would suffer if obliged to wait, until these controversies were finally settled; and it was impracticable for them to proceed without the aid of an act removing the obstructions thus thrown in their way. The remedy provided was a provision for the joinder of adverse claimants, which worked no injustice, but what with characteristic caution gave every one a right to be heard, and enabled them to see that their interests were protected. The same notice, and proof of it, is described to be given as in other cases, and the proceeding in other respects is similar to the accustomed practice, except the joinder of adverse claimants and the executors, which became indispensable from the peculiar situation of the estate. The act merely provides a remedy in a particular case, altering no right, but preserving the rights of all parties; a course as fully sanctioned as Hepburn *v.* Curts, 7 W. 301, where it is held, that the legislature may pass retrospective laws to affect suits pending, to give a party a remedy where none existed before, and to remove an impediment in the way of redress. In that case one person was a member of two firms, and one firm sued the other: the same person being plaintiff and defendant, was held to be a fatal objection. The legislature passed an act after suit brought to remove the difficulty, and after argument it was held valid. To the same purport is Braddee *v.* Brownfield, 2 W. & S. 277, where the legislature ordered judgments to be opened, and new trials to be granted, saying most truly that legislation in cases pending in court was subject to abuse, but still it was within their equitable jurisdiction, which was of a remedial character. This is carrying the legislative power much further than is claimed in this case. But the principal objection to the act seems to be that the property of the heirs is put into the hands of a trustee without their consent. But of this no just complaint can be made, as it is to be done under the control and supervision of the court, and is intended to preserve the estate for those who may be ultimately entitled. And this course is not without precedent, and has been expressly sanctioned in Norris *v.* Clymer, 2 Barr, 277. That case was not the creation of a trustee, and in that respect it differs from this; but it was a special act, authorizing sales on groundent, &c., by the trustees appointed by the will, they giving security on receipt of the money, to be applied according to the trusts of the will. This was a power of a much more questionable character

than this, which nevertheless the court pronounced constitutional; it is certainly no objection to the partition, that the court did not set out the share or purpart of each defendant, as by the act the share of C. Houston is directed to be conveyed to trustees, and was not intended to be divided, and could not be allotted to any person, as the claims of the heirs and devisees are in conflict. When the rights of these persons are settled, the owners of his share as set out may be divided among them by another writ of partition.

It is objected that the return of the sheriff does not set out the service of the process, and is wholly insufficient and void. The act directs that the court shall order and direct service of the notice of the writ; and that, on proof of such service and notice, and publication of the writ, the court shall be authorized to proceed and make partition of the lands according to law. The notice is ordered to be given in the usual manner, which would seem to have been done. The sheriff returns that all the defendants reside out of his bailiwick; that he served the writ by publication, and made personal service on all the three defendants, and he annexes an affidavit of the fact of publication. We think the return sufficiently particular to answer all the requirements of the act, without stating how or where the publications have been made.

It is also said there is error, because the widow, who can in no event have an estate in the land, is joined as one of the defendants. As widow, she undoubtedly cannot; but, as a legatee in the will, she is entitled to a share of the residue, and is a residuary legatee; and, as such, has an interest distinct from her dower. This act requires all the heirs and devisees to become parties to the proceedings; and the wife, as a residuary legatee, could not be omitted. The executors are made parties by the terms of the act, and all persons claiming under C. Houston, either as heirs or devisees. This was intended to protect the rights of all persons who might have an interest, of which no just complaint can be made.

Judgment affirmed.